IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL T. ANDERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLIE BRERETON, in his official capacity as the Director of Department of Public Health and Human Services,<br><br>　　　　and<br><br>SAM OLIVER, in his official capacity as the Executive Director of the Missoula Housing Authority,<br><br>　　　　Defendants. | CV 23–75–M–DLC<br><br>ORDER |

On June 22, 2023, Plaintiff Michael T. Anderson ("Anderson") filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against Montana Department of Public Housing and Human Services and Missoula Housing Authority. (Doc. 2). On July 17, 2023, Anderson filed an Amended Complaint. (Doc. 4.)

**I.     Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without

1

prepayment of fees upon filing an affidavit showing inability to pay.  On June 22, 2023, Anderson completed an "Application to Proceed in District Court without Prepaying Fees or Costs."  (Doc.1).  The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.     Screening Requirement

Because Anderson is proceeding in forma pauperis, the Court must review his Amended Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Amended Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

The Court may dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) analysis, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the court must

accept all well-pleaded factual allegations contained in the complaint as true, it need not accept as true legal conclusions couched as factual allegations. *Id.* at 678–79. A complaint that 'tenders naked assertion[s] devoid of further factual enhancement[,]" "labels and conclusions[,] or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (internal quotation marks omitted).

"A court may consider exhibits attached to a complaint when screening the complaint." *Young v. Cal. Corr. Health Care Servs.*, No. EDCV 14-2598 RGK (JC), 2015 U.S. Dist. LEXIS 200923, at *3 (C.D. Cal. Apr. 9, 2015) (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 n.1 (9th Cir. 2012)). While "[i]t is well-established in [the Ninth Circuit] that an amended complaint supersedes the original, the latter being treated thereafter as non-existent," *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1009 (9th Cir. 2015) (internal citations omitted), the Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). As such, the Court finds it proper to consider the exhibits attached to Anderson's original complaint in determining whether Anderson's claim is facially plausible.

Anderson alleges that "[i]n late 2022, [he] visited the Hope Rescue Mission in Missoula and was entered into the Missoula Coordinated Entry System

(MCES)." (Doc. 4 ¶ 30.) Anderson further alleges that the Missoula Housing Authority advertises on its website that "it has an 'Emergency Housing Voucher program with 16 special purpose vouchers' and that 'to be considered for one of these Emergency Housing Vouchers you must be entered into MCES.'" (*Id.* ¶ 31.) Anderson's position is that "entry into MCES constitutes an application for [these benefits]," and "since this constitutes an application for government housing benefits[,] he is entitled to Notice Granting or Denying these benefits, and if denying these benefits, the basis for that denial that is consistent with federal law." (*Id.* ¶¶ 32–33.) Anderson appears to claim that he has not received notice, and thus, Defendants violated his Fourteenth Amendment right "to meaningful notice and opportunity to be heard," and his "substantive due process right to obtain and utilize his property interest in these federal housing benefits." (*Id.* ¶¶ 35–42.)

However, Anderson previously filed exhibits including communications from the Department of Housing and Urban Development that state, "working with a third-party agency and/or [MCES] in Missoula, Montana, does not automatically constitute an application for housing benefits from the Missoula Public Housing Authority or other agencies," and that "the Missoula Housing Authority does not have an application from you." (Doc. 2-3 at 26.) This indicates that Anderson did not actually apply for the housing benefits, and his claim to the contrary is

4

nothing more than a "naked assertion," for which the Court cannot grant relief.

Therefore, the Court finds that Anderson's Amended Complaint must be dismissed for failure to state a claim. The Court further finds that amendment of the complaint would be futile. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) ("A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.").

Accordingly, IT IS ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 1) is GRANTED and the filing fee is waived. The Amended Complaint is deemed filed on July 17, 2023.

IT IS FURTHER ORDERED that the above-captioned matter is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 30th day of January, 2024.

_____
Dana L. Christensen, District Judge
United States District Court